Rufriu, Judge,
 

 after stating the facts above mentioned, proceeded as follows:
 

 Supposing tbe case to stand upon the original questions of right oetween the parties, it wuiud not be difficult
 
 *226
 
 to give the plaintiff relief to the extent of the purchase money and the interest. It is a contract for lands, of which the original vendor had a right to a specific per-fonnance j and although it does not appear that
 
 Kerr
 
 was ever iLp,le to perform it, yet as there is no evidence A that either he or
 
 Bowman
 
 treated it as broken or inca-pajjje 0£ execution, it still continued to be land in this court, at the death of
 
 Bowman.
 
 His heir had a right to the land
 
 ;
 
 and if she could not get it, she had the right to the money payable in lieu of it, as against the executor of her ancestor, who made that money land between his own representatives. It would be the least the defendants could ask, to get clear upon the payment of thepur-chase money and interest.
 

 considered as land, and if the contract is vacated after the -death of the ven-dee, it g-oes to his heir. The purchase money paid upon an agreement for the sale of
 

 fm^thPsale^f land, the vendor bViTtrustee for thevendee,& the tion^does^ot," in equity,bar the court respects the lap-e of time m cases of ím-plied trusts, and unless explained ie q ha-i» fr» frw* it is a bar to the relief.
 

 But the lapse of time excludes all consideration of ^10se rights. The statute of limitations does not protect the defendants. The case does not come within it; the re^e^ S°inS 011 the vendor’s being a trustee, in this court, for the vendee. But equity itself respects time w^en the trust is not express ,* because it is difficult to ascertain the truth of old transactions, and therefore Parties capable of acting, shall not be allowed to impose that difficulty upon the courts
 
 ;
 
 and because acquiescence . . for a long period, according to the ordinary experience 0f tiie actions of mankind, raises a presumption of per-
 
 í X X
 
 formalice or satisfaction. Where such a presumption is altogether excluded by the situation of the thing or the parties, the court must undertake the investigation and get through it as well as we can, however remote the period be, to which we are carried back. But it must appear that there is some disability, or other excuse for not sooner bringing forward the claim. The party who wishes to repel the effect of time, must furnish the means of duing it.
 

 There is a lapse of thirty four years here between the making of the contract and the filing of the bill. Surveys were made, and grants issued by this state, for western lands, up to the cession in 1789, in which was reserved to this state the power of still issuing certain other grants $ which was exercised for many years.
 
 *227
 

 £ noman
 
 could therefore, have filed his bill in a very sheet time, after 1786. for a conveyance, if
 
 Kerr
 
 had received a grant; or if not, to compel him to complete his survey and obtain a grant.
 

 It is however charged in the bill, that he died in the y.'ar . and left the plaintiff an infant, who married during infancy, and continued covert until within three years and an half before she brought this suit. This allegation is in itself defective ; because it fixes the death of the ven-dee and the marriage of'the plaintiff at no certain periods, and it may be that
 
 Bowman
 
 lived more than twenty years after 1786. If the marriage of the plaintiff could be carried back to her infancy, and that to the death of
 
 Bowman,
 
 which actually occurred before any reasonable presumption arose, then the objection-would be met. The bill does not make that case — and the proof is more defective still, than the allegations of the bill. The answers say . nothing on the subject. Plaintiffs must not at the hearing, take the silence of the defendants as admissions. If they want an admission, they must except to ¡he answer which is not fully responsive, and get a further answer, or a
 
 pro coufesso
 
 upon.the very point — - The only deposition upon the subject proves the death of
 
 Bowman.
 
 The witness is asked the time and place of it; and answers as to the latter, that it was in Georgia, but gives no answer as to the former. Nor is there any proof that the plaintiff was an infant at this time, nor at the time of her marriage, nor that she was ever married ; — but only that she is the heir of Bowman_ These may all doubtless be facts, notorious where the
 
 parties
 
 live; and the events may have occurred at periods, which would rebut all- presumption from the great length of time. But in the. absence of all evidence, the pressure of the presumption must be felt, as would direct evidence of the fact of satisfaction. The particular circumstances tend to fortify the general presumption. The lands were in the actual occupation of the Indians, among whom it was so dangerous to go, that almost all locations were made by a few persons who acted as general agents. It is highly probable, that
 
 Kerr
 
 knew no-
 
 *228
 
 ' thing personally of the land ; and from the total failure each side, to trace any entry for land, such as isdeseri-bed in the contract, or in his own name, we might perhaps justly conclude, that both parties, discovering that the contract had been entered into under a total mistake, rescinded it, and settled. This would be morally probable, if
 
 Row man
 
 lived even for a fevv years. But the court does not rely on particular presumptions. Our opinion is founded on the stateness of the demand, after thirty-four years, unaccounted for by the death, the infancy, coverture, distress or ignorancc of the several persons respectively entitled under the contract, through that period.
 

 Per Curiam. — Declare that the plaintiff has not proved the time of
 
 IViUiam Bowman’s
 
 death — nor that it happened while the plaintiff was an infant — nor that the plaintiff married during her infancy — nor that she was ever married — and that the plaintiff hath not accounted for the delay of thirty-four years in filing her bill, after the contract in the pleadings mentioned was made, and that by reason of this delay, the demand made by the bill, is too stale to be enforced, and performance thereof decreed — and decree, that the bill be dismissed with costs.